UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| R.P. and D.P., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:22-cv-00874-SEP |
| | ) | |
| Adam Lawrence Smith | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiffs' unopposed Motion for Leave to Proceed Using Initials, Doc. 2. For the reasons set forth below, the Motion is granted.

### FACTS AND BACKGROUND

Plaintiffs, R.P. and D.P., allege that beginning in 2020, Defendant—their nephew—began a sexual relationship with their Daughter. At that time, Defendant was 26 years old, and their Daughter was 16 years old. Plaintiffs also allege that Defendant has continued the sexual relationship to the present day, and that, because it is illegal for Defendant to marry their Daughter—his first cousin—in Missouri, Defendant has manipulated and coerced her to travel to other states in an attempt to marry her elsewhere. Plaintiffs also claim that Defendant has supplied their Daughter with, and coerced her into using, illegal drugs. Plaintiffs bring one common law claim for negligent infliction of emotional distress.

### LEGAL STANDARD

Under the Federal Rules of Civil Procedure, "[t]he title of the complaint must name all parties." Fed. R. Civ. P. 10(a). Rule 10(a) "generally requires parties to a lawsuit to identify themselves in their respective pleadings." *Doe 6 v. St. Louis Charter Sch.*, 2019 WL 5863981, at *1 (E.D. Mo. Nov. 8, 2019). Thus, "there is a 'strong presumption against allowing parties to use a pseudonym.'" *Roe v. St. Louis Univ.*, 2009 WL 910738, at *3 (E.D. Mo. Apr. 2, 2009) (quoting *W.G.A. v. Priority Pharmacy, Inc.*, 184 F.R.D. 616, 617 (E.D. Mo. 1999)). "The reason for the presumption is a First Amendment interest in public proceedings such as lawsuits, which is furthered by identifying the parties to an action." *Id.* (quoting *W.G.A.*, 184 F.R.D. at

617); *see also Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997) ("Identifying the parties to the proceeding is an important dimension of publicness.  The people have a right to know who is using their courts.").

Courts do, however, occasionally permit litigants to proceed by pseudonym where the case involves "limited 'matters of a highly personal nature.'"  *W.G.A.*, 184 F.R.D. at 617 (quoting *Heather K. v. City of Mallard, Ia.*, 887 F. Supp. 1249, 1255 (N.D. Iowa 1995)).  District courts in the Eighth Circuit have identified several factors that militate in favor of allowing a litigant to proceed under a pseudonym, including:   "(1) plaintiff is challenging a governmental activity; (2) plaintiff would have to disclose information of the utmost intimacy in prosecuting his or her claim; or (3) plaintiff would be compelled to admit their intention to engage in illegal activity, thereby risking criminal prosecution."   *Doe v. Washington Univ.*, 2019 WL 11307648, at *1 (E.D. Mo. April 2, 2019) (internal quotation marks omitted).   "Additional circumstances courts consider include [[4]] whether the plaintiff would risk suffering injury if identified; and [[5]] whether the party defending against a suit brought under a pseudonym would be prejudiced."  *Id.*; *see also Doe v. Purdue Univ.*, 321 F.R.D. 339, 341 (N.D. Ind. 2017) (collecting cases).   And courts have also considered:  (6) "the extent to which the identity of the litigant has been kept confidential"; (7) "whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities"; and (8) "whether the interests of children are at stake."  *Doe v. Hartz*, 52 F. Supp. 2d 1027, 1046-47 (N.D. Iowa 1999).

DISCUSSION

Factors (2), (4), (5), (6), and (8) weigh in favor of granting the Motion.  The Court agrees that if Plaintiffs disclose their identities, that disclosure would inevitably lead to the disclosure of their Daughter's identity as well.  The personal and sensitive nature of the allegations—which relate to the sexual abuse and coerced drug use of a minor—weigh in favor of protecting the Daughter's identity.   Courts regularly permit survivors of sexual misconduct to proceed anonymously.  *See*, *e.g.*, *Roe v. St. Louis Univ.*, 2009 WL 910738, at *2 (E.D. Mo. Apr. 2, 2009) (allowing a rape victim to proceed anonymously); *Doe v. Washington Univ.*, 2019 WL 11307648, at *1 (E.D. Mo. Apr. 2, 2019) (same); *Doe v. Roman Catholic Archdiocese of St. Louis*, 2020 WL 251209, at *1 (E.D. Mo. May 15, 2020) (allowing adult

plaintiff to proceed anonymously due to the plaintiff's "allegations that one Defendant sexually abused Plaintiff during his childhood").  Moreover, the Eastern District of Missouri Local Rules require that minor children be referred to only by their initials.  *See* E.D. Mo. L.R. 2.17(2).  And courts have also allowed parents to proceed anonymously when bringing sexual abuse related claims on behalf of a minor child.  *See Doe 6*, 2019 WL 5863981, at *1-*2.  Finally, the Daughter's identity has so far been kept confidential, and there is no reason to believe that Defendant will be prejudiced by Plaintiffs' request, as he is fully aware of the identifies of Plaintiffs and their Daughter, and there is no indication that he will be unable to defend the claims made against him without using their names.

CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Leave to Proceed Using Initials, Doc. 2, is **GRANTED**.

Dated this 12th day of September, 2022.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE